**170**

PER CURIAM: *

Edward C. Ivory, Jr., appeals the sentence imposed following his guilty plea conviction for wire fraud and aiding and abetting in violation of 18 U.S.C. §§ 2 and 1343. He argues that the district court erred in enhancing his offense level pursuant to U.S.S.G. § 3C1.1 based on its finding that he obstructed justice. He argues that his conduct did not rise to the level of obstruction of justice because during the recorded conversation between him and Deaderill Harris, a woman he had recruited to sell counterfeit transportation vouchers, he merely repeated a cover story that Harris already knew. He also argues that the facts do not indicate that he knew that there was an investigation actively underway or that his actions actually impeded the investigation. Because Ivory raised this issue in the district court, the district court's factual findings, i.e., its findings as to what acts were performed, are reviewed for clear error, and the district court's ruling that its factual findings permit an enhancement for obstruction of justice is a question of law, which this court reviews de novo. *United States v. Brown,* 470 F.3d 1091, 1093–94 (5th Cir.2006).

Ivory has not shown that the district court erred in enhancing his offense level pursuant to § 3C1.1 based on its finding that he obstructed justice. The evidence in the presentence report, the recorded telephone conversation, and the testimony at the sentencing hearing show that Ivory knew Harris was going to be interviewed by Secret Service agents; he told Harris to lie to agents by using a cover story concerning the counterfeit transportation vouchers; he told Harris not to identify him if she was presented with a photo-

graph by agents; and he told Harris to throw away any remaining vouchers that she had. Ivory also stated that a codefendant, Ken Kirby, had told Secret Service agents the same cover story. This evidence indicates that Ivory knew that there was an ongoing investigation as he was aware that both Harris and Kirby had been or were going to be interview by Secret Service agents concerning the vouchers. The district court's factual findings regarding Ivory's conduct are plausible in light of the record as a whole. *See United States v. Cisneros–Gutierrez,* 517 F.3d 751, 764 (5th Cir.2008). Further, the evidence in the instant case supports the district court's determination that Ivory's conduct constituted obstruction of justice. *See Brown,* 470 F.3d at 1094.

AFFIRMED.

Marvin L BROWN, Plaintiff–Appellant

v.

**TEXAS BOARD OF PARDONS & PAROLES; John Doe, also known as B Jordan; John Doe, also known as Gg; John Doe, also known as Cs; John Doe, or John Does, Parties to be Determined through Discovery; Bettina Jordan, Defendants–Appellees.**

No. 07–10159
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 7, 2008.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brown, however, informs this court that his claims regarding his GPS monitoring are moot; he thus has voluntarily withdrawn his appeal as to "the issue of being on a GPS monitoring system, and that [he] was denied the opportunity to further [his] claim in the District Court" via an amended complaint.

The dismissal of a complaint under Rule 12(b)(6) is reviewed de novo. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007), *cert. denied*, —— U.S. ——, 128 S.Ct. 1230, 170 L.Ed.2d 63 (2008) *and* —— U.S. ——, 128 S.Ct. 1231, 170 L.Ed.2d 63 (2008). Under Rule 12(b)(6), a plaintiff fails to state a claim upon which relief can be granted when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, —— U.S. ——, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).

■ The TBPP "is cloaked with Eleventh Amendment immunity." *McGrew v. Texas Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir.1995). To the extent that Brown sought monetary damages against the TBPP, the district court did not err by dismissing Brown's claims. In addition, to the extent that Brown sued Defendant Jordan and the other individual defendants regarding their decision to revoke his mandatory supervision, the district court did not err in its determination that the defendants were absolutely immune from suit. *See Walter v. Torres*, 917 F.2d 1379, 1380, 1383–84 (5th Cir.1990).

■ Brown also sought injunctive relief; however, the district court erroneously concluded that his initial complaint did not seek such relief. *See* Dkt. # 1, record pp. 46–51 (attachment pp. 4G–4L). Claims for declaratory or injunctive relief challenging a state parole board's policies and procedures are cognizable in a § 1983 proceeding. *See Wilkinson v. Dotson*, 544 U.S. 74, 76–77, 81–85, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005); *Cook v. Tex. Dep't of Crim. Justice Transitional Planning Dep't*, 37 F.3d 166, 168–69 (5th Cir.1994). Likewise, the district court did not consider Brown's claims against the individual defendants based on their alleged administrative conduct. *See Walter*, 917 F.2d at 1383. We express no opinion whether these allegations state a claim upon which relief could be granted.

We do not address Brown's argument challenging the district court's denial of his motion for leave to amend his complaint to add claims against Carlos Fierro concerning Brown's placement on the GPS system because Brown has voluntarily withdrawn any appeal of this issue. However, Brown also argues that the district court erred when it denied him leave to amend his complaint against the other individual defendants. The district court ruled based on its determination that the amendment would be futile because the individual defendants were absolutely immune from suit as to all of Brown's claims. As the district court did not address all of Brown's claims against the individual defendants, this determination, in part, may have been erroneous. *See United States v. Riascos*, 76 F.3d 93, 94 (5th Cir.1996) (per curiam). Finally, as the district court was considering claims of immunity, the district court did not abuse its discretion in determining that discovery could not proceed. *See Williamson v. U.S. Dept. of Agriculture*, 815 F.2d 368, 382–83 (5th Cir. 1987).

Accordingly, the judgment dismissing Brown's claims for damages against the TBPP on the basis of Eleventh Amendment immunity is affirmed. The judgment dismissing Brown's claims against Jordan and the other individual defendants for their decision to revoke Brown's supervised release on grounds of immunity is

affirmed. The judgment dismissing Brown's claims for injunctive relief is vacated. To the extent the judgment determined that absolute immunity barred Brown's allegations involving the defendants' administrative conduct, the judgment is vacated. The decision denying Brown's motion for leave to amend his complaint is vacated to the extent that the decision was based on the determination that any amendment would be futile as the defendants were absolutely immune from suit as to all of Brown's claims. The district court's judgment denying discovery is affirmed. The case is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.

**Paul Everette WOODWARD, Petitioner–Appellant,**

v.

**Christopher B. EPPS, Commissioner, Mississippi Department of Corrections, Respondent–Appellee.**

No. 06–70053.

United States Court of Appeals, Fifth Circuit.

July 7, 2008.

Nathan Henry Elmore, Jackson, MS, C. Jackson Williams, Oxford, MS, for Petitioner–Appellant.

Marvin L. White, Jr., Office of the Attorney General for the State of Mississippi, Jackson, MS, for Respondent–Appellee.

Before BARKSDALE, STEWART, and PRADO, Circuit Judges.

PER CURIAM: *

Paul E. Woodward has appealed the district court's denial of his 28 U.S.C. § 2254

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be